# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

SUSAN C. WILLARD, D.O.,  )
                 Plaintiff,  )
v.  )   Case No. 16-CV-677-GKF-JFJ
AHS OKLAHOMA PHYSICIAN  )
GROUP, LLC d/b/a UTICA PARK CLINIC,  )
                 Defendant.  )

## OPINION AND ORDER

Before the court is the *Motion to Reconsider Order Granting Partial Summary Judgment* [Doc. No. 77] of the plaintiff, Dr. Susan C. Willard. Willard asks the court to reconsider its order granting summary judgment in favor of AHS Oklahoma Physician Group, LLC d/b/a Utica Park Clinic ("UPC") with respect to the part of Willard's claim of intentional interference with prospective business advantage based on her prospective sublease with The Orthopaedic Center ("TOC"). For the reasons set forth below, Willard's motion is denied.

The relevant facts here are undisputed. After UPC terminated Willard, she sought to sublease certain office space from TOC. TOC leased the office space in question from AHS SouthCrest Hospital, LLC d/b/a Hillcrest Hospital South ("HHS"). UPC and HHS are wholly-owned subsidiaries of the same corporate parent, AHS Hillcrest Healthcare Systems, LLC. When TOC sought HHS' permission to sublease to Willard, HHS denied permission after consulting with UPC.

Based on these facts, the court previously granted summary judgment in favor of UPC on this part of Willard's claim, because: (1) tortious interference is only cognizable against third parties; (2) a lessor is not a third party to a prospective sublease; and (3) wholly-owned

subsidiaries of the same corporate parent are not third parties to each other's agreements. *See* [Doc. No. 68] (citing, among other cases, *Three Legged Monkey, LP v. City of El Paso, Texas*, EP-14-CV-00260-FM, 2014 WL 12639964, at *6 (W.D. Tex. Nov. 10, 2014) and *Starcom, Inc. v. U.S. Telecom, Inc.*, Civ. A. No. 87-2540-V, 1991 WL 279291, at *3 (D. Kan. Dec. 11, 1991)).

Willard asks the court to reconsider its prior reasoning in light of *Hawk Enters., Inc. v. Cash America Intern., Inc.*, 282 P.3d 786, 793–94 (Okla. Civ. App. 2012). However, *Hawk* is not precedential authority, *see* Oklahoma Supreme Court Rule 1.200(d)(2), and the court is not persuaded by its reasoning. In *Hawk*, the Oklahoma Court of Civil Appeals borrowed factors from the RESTATEMENT (SECOND) OF TORTS § 767 to determine whether a parent corporation was a third party to a contract of its subsidiary. Section 767 is titled "Factors in Determining Whether Interference is Improper," and does not purport to be a test for whether a party is a stranger to a contract. Further, the majority of the factors do not seem appropriate to this question:

(a) the nature of the actor's conduct,
(b) the actor's motive,
(c) the interests of the other with which the actor's conduct interferes,
(d) the interests sought to be advanced by the actor,
(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
(f) the proximity or remoteness of the actor's conduct to the interference, and
(g) the relations between the parties.

RESTATEMENT (SECOND) OF TORTS § 767. Only the last factor seems applicable, and it simply restates the question. As the court in *Hawk* acknowledged, "the majority of these factors are informed by the relationship between the parties." 282 P.3d at 794. Unsurprisingly, then, the analysis in *Hawk* and its limited progeny effectively collapses into a determination of whether "the relationship between the parties in the case is clear." *Davis v. PMA Cos., Inc.*, No. CIV-11-

2

359-C, 2013 WL 866893, at *5 (W.D. Okla. Mar. 7, 2013). Here, even if *Hawk* was precedential, the relationship between UPC, HHS, TOC, and Willard is clear and undisputed.

WHEREFORE, Willard's *Motion to Reconsider Order Granting Partial Summary Judgment* [Doc. No. 77] is denied.

DATED this 16th day of February, 2018.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT